ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 OCT 31 PM 2:36
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID WAYNE WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-089 |
| | ) | |
| SHERIFF JOHNNY O. SMITH, Telfair County Sheriff's Office, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hancock State Prison in Sparta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C.

---

[1] Although Plaintiff is currently incarcerated at Hancock State Prison and originally submitted his complaint for filing in the Middle District of Georgia, because the allegations in the complaint relate to events alleged to have taken place during Plaintiff's incarceration at Telfair County Jail ("TCJ") in McRae, Georgia, his case has been transferred to this District. (Doc. no. 5.)

§§ 1915(e) & 1915A.[2]

I. **BACKGROUND**

Plaintiff names Johnny O. Smith, the Telfair County Sheriff, as the sole defendant in this action and asserts that the incidents described in the complaint took place between March 19, 2009 and April 23, 2009. (Doc. no. 1, pp. 4-5.) Plaintiff first alleges that, while incarcerated at TCJ during that period of time, he was prescribed psychotropic medication by the "Eastman Mental Health Center." (Id. at 5.) Plaintiff alleges that Defendant placed his "health and safety in jeopardy" by denying him the medication and that, as a result, he suffered "actual injury." (Id.) Notably, Plaintiff does not describe what sort of "actual injury" he allegedly suffered.

Plaintiff next alleges that Defendant forced him and other prisoners to "use ice for drinking purposes" that was held in five-gallon chemical containers that were labeled as corrosive. (Id.) Plaintiff generally alleges that he "still [has] some side-effects from [Defendant's] deliberate actions," apparently referring to both Defendant's alleged denial of his medication as well as his alleged utilization of chemical containers for the purposes of storing ice. (Id.) Again, Plaintiff does not specify what those side effects are.

Finally, Plaintiff states that, because of his mental health issues, he was "openly

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

2

discriminated against" by Defendant. (Id.) In his request for relief, Plaintiff seeks a trial by jury and monetary damages. (Id. at 6.)

## II. DISCUSSION

*Liberally* construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's claims are subject to dismissal under the statute of limitations applicable in Georgia. State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the injuries occurred in March of 2009. His claims pertain to injuries that occurred more than three years before he filed the instant complaint, and are thus outside of the two-year statute of limitations period. Therefore, Plaintiff's claims are subject to dismissal as time barred.

3

## III. CONCLUSION

For the reason set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4